NO. 07-03-0006-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 18, 2003



______________________________




IN THE MATTER OF THE MARRIAGE OF


OPAL JEANETTE REILMAN AND LARRY JOSEPH REILMAN


_________________________________



FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;



NO. 4028H; HONORABLE RON ENNS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS, J. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Pending before this Court is appellant's motion to dismiss his appeal. Appellant has
conferred with appellee and there is no objection. Tex. R. App. P. 42.1. No decision of this Court
having been delivered to date, we grant the motion. Accordingly, the appeal is dismissed. No
motion for rehearing will be entertained and our mandate will issue forthwith.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



st satisfy three requirements to establish his entitlement to the issuance
of a writ of mandamus, to-wit: (1) a legal duty to perform; (2) a demand for performance;
and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). When a
motion is properly filed and pending before a trial court, the act of considering and ruling
upon the motion is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158
(Tex. 1992). However, the trial court has a reasonable time within which to perform that
ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San
Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is
dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426,
(Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such
as the trial court's actual knowledge of the motion, its overt refusal to act, the state of its
docket, and other judicial and administrative duties which must be addressed. In re
Villarreal, 96 S.W.3d 708, 711 (Tex.App.-Amarillo 2003, orig. proceeding). Further, the
party requesting relief must provide a sufficient record to establish his entitlement to
mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). See also In re
Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001, orig. proceeding); In re Villarreal, 96
S.W.3d at 710 n.2 (filing something with the district clerk does not demonstrate that a
motion has been brought to the trial court's attention). 

 Several copies of documents presumably filed in the convicting court accompany
relator's petition for writ of mandamus. On August 29, 2005, he filed a motion in the
convicting court requesting appointment of counsel to pursue a motion for DNA testing
pursuant to article 11.07, section four of the Texas Code of Criminal Procedure. A motion
for leave to subpoena or call potential witnesses was filed on September 12, 2005, and on
September 19, 2005, he filed a motion for leave for supplemental [sic] and exhibits. 

 According to copies of three letters dated October 5, November 1, and December
19, 2005, relator corresponded with the Wilbarger County District Clerk inquiring on the
disposition of his motions. A copy of the District Clerk's response to relator's October 5th
inquiry indicates his request was forwarded to his attorney, Earl Griffin. The limited record
before us also contains a file-stamped motion dated November 29, 2005, for leave to
compel the District Judge of Wilbarger County to act on relator's petition for writ of habeas
corpus. Nothing in the scant record demonstrates presentation of the motions to the trial
court and a refusal to act. We conclude relator has not satisfied the burden to show his
entitlement to mandamus relief. See Walker, 827 S.W.2d at 837.

 Accordingly, relator's petition for writ of mandamus is denied.

 Don H. Reavis

 Justice