Petition for Writ of Mandamus Denied and Memorandum Opinion filed July
2, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed July 2, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00552-CR

____________

 

IN RE DONDIE FANT, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On June
18, 2009, relator, Dondie Fant, filed a petition for writ of mandamus in this
court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52. 
In the petition, relator requests that we compel the Honorable Jan Krocker,
presiding judge of the 184th District Court of Harris County, to rule on his
pre-trial motion for funds for a DNA expert for an indigent defendant, motion
to set bail, motion to quash enhancement paragraph, and motion to dismiss for
lack of evidence.[1]  








As an
initial matter, relator=s petition does not comply with the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 9.5 (requiring certificate of service);
Tex. R. App. P. 20.1 (requiring affidavit of indigence if party claims to be
unable to proceed without advance payment of costs); Tex. R. App. P. 52.7(a)(1)
(requiring certified or sworn copy of every document that is material to
relator=s claim for relief).  

To be
entitled to mandamus relief, a relator must show that he has no adequate remedy
at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (opinion on reh=g).  However, the trial court generally has no ministerial
duty to rule a certain way on such motion.  State ex rel. Young, 236
S.W.3d at 210.  A relator must establish that the trial court (1) had a legal
duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed
to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App.CWaco 2003, orig. proceeding). 

Relator
has not attached file-stamped copies of the subject motions to his petition. 
Therefore, relator has not demonstrated that he filed those motions with the
trial court.  Relator also has not shown that the trial court received, was
aware of, or was asked to rule on the motion.  See In re Villarreal, 96
S.W.3d 708, 710 (Tex. App.CAmarillo 2003, orig. proceeding).  Relator has failed to
present any correspondence or other documents from relator calling the trial
court=s attention to his motions.  Filing a
document with the district clerk does not mean the trial court is aware of it;
nor is the clerk=s knowledge imputed to the trial court.  In re Hearn,
137 S.W.3d 681, 685 (Tex. App.CSan Antonio 2004, orig. proceeding); In re Villarreal,
96 S.W.3d at 710 n.2. 








Relator
further has not established that the trial court has not acted on his motions
within a reasonable time.  See Ex parte Bates, 65 S.W.3d 133, 134B35 (Tex. App.CAmarillo 2001, orig. proceeding)
(explaining trial court has reasonable time in which to act).  Based on the
insufficient mandamus record, relator has not shown that trial court had a
ministerial duty to rule on his pre-trial motions.  

Relator
has not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator=s petition for writ of mandamus.

 

PER CURIAM

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

Do Not PublishCTex. R. App. P. 47.2(b).









            [1]  Although relator
addresses his petition to the Texas Court of Criminal Appeals, he nonetheless
filed his petition to this court.  In any event, we will address relator=s claims in his petition.