Petition for Writ of Mandamus Denied and
Memorandum Opinion filed February 18, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00086-CV



 

In Re Boris Twain Clewis,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

January 29, 2010, relator, Boris Twain Clewis, filed
a petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this Court to compel the Honorable Dan Hinde, presiding judge of
the 269th District Court of Harris County, to sustain his plea in abatement.[1]  Relator is
incarcerated in the Texas Department of Criminal Justice, Institutional
Divison, and is proceeding pro se.  

            Relator
states that he is a person interested in the Estate of Redell Clewis, Sr.,
cause number 307,615, in Probate Court No. 3 of Harris County.  Relator is the
son of Redell Clewis, Sr. and is a devisee named in Clewis’ will.  According to
relator, his father died on June 30, 1999, and the will was admitted to probate
on July 16, 1999.  Relator is the plaintiff in another suit pending in Probate
Court No. 3 in cause no. 307,615-401, which he filed on May 21, 2001.  Relator
states that the estate is believed to be in excess of $1,000,000.  

            On
December 3, 2009, relator was served with a lawsuit in Cause No. 2009-60917 in
the 269th District Court filed by Harris County to collect delinquent and ad
valorem taxes in the amount of $7,558.10.  Relator filed an answer to the tax
suit, along with a plea in abatement, motion to dismiss for want of
jurisdiction, and/or motion to transfer to Probate Court No. 3.  The
certificate of service shows that relator’s answer, along with the accompanying
motions, was mailed to the Harris County District Clerk on December 4, 2009.  

            Relator
received notice of the trial setting in the tax suit for February 26, 2010, in
the tax master court.  The scheduling order for relator’s case pending in
Probate Court No. 3 states that the pretrial conference is set for April 12,
2010.[2] 
Relator seeks to abate the tax suit because Probate Court No. 3 acquired
dominate jurisdiction.  

            To
be entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court abused its discretion and he has no adequate remedy
by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008)
(orig. proceeding).  Relator has not shown that the trial court denied his plea
in abatement or that his motion has even been presented to the trial court for
a ruling.[3] 
The right to mandamus relief generally requires a predicate request for some
action and a refusal of that request.  In re Perritt, 992 S.W.2d 444,
446 (Tex. 1999) (orig. proceeding) (per curiam).  Therefore, relator has not shown
any abuse of discretion by the trial court.  Moreover, relator’s petition does
not comply with the Texas Rules of Appellate Procedure.  See Tex. R.
App. P. 52.7(a)(1) (requiring relator to file with petition certified or sworn
copy of every document that is material to relator’s claim for relief and was
filed in any underlying proceeding).  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Yates, Seymore, and Brown.

 









[1]
Relator’s petition names the Honorable John T. Wooldridge as the respondent. 
However, Judge Dan Hinde is currently the presiding judge of the 269th District
Court.  





[2]
The record shows that the estate administrator filed suit in cause number
307,615-402, which also is pending in Probate Court No. 3.  That case is also
set for a pretrial conference on April 12, 2010.  





[3]
Relator’s motion is not file-stamped and, therefore, he has not demonstrated
that it actually has been filed in the trial court.  Filing something with the
district clerk does not mean the trial court is aware of it.  In re
Villarreal, 96 S.W.3d 708, 710 n.2 (Tex. App.—Amarillo 2003, orig.
proceeding).  Nor is the clerk’s knowledge imputed to the trial court.  Id.