NO. 07-03-0048-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 24, 2003
_____

IN RE: JUAN GARCIA VILLARREAL, RELATOR
_____

***OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Pending before this court is the application of Juan Garcia Villarreal (Villarreal) for writ of mandamus. He requests that we order the Hon. Felix Klein, 154th Judicial District, Lamb County, to rule upon his Application for Writ of Habeas Corpus. For the reasons which follow, we deny the petition pending before us.

First, to the extent that Villarreal asks us to order the district court to grant the application for writ of habeas corpus pending before it, we cannot. When a trial court has yet to act on a matter, authority entitles us only to order the court to act; it does not allow us to order it to make a particular decision. *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding). Thus, we cannot direct the trial court to grant Villarreal's petition for mandamus allegedly pending in the district court.

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

Second, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be, at the very least, the application for writ of habeas corpus he allegedly filed. However, no such document accompanied the application for writ of mandamus, nor does it appear in the record before us. Thus, Villarreal not only failed to comply with the rules of appellate procedure regulating mandamus, but also denied us a record sufficient to enable us to assess his complaints.

Third, nothing of record indicates that the motion was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). To the extent that Villarreal complains of the district court's failure to rule upon his application for writ of habeas corpus, application of the foregoing rule would require him to illustrate that the district court received and was aware of the document.[2] This is so because a court cannot be faulted for doing nothing when it was not aware of the need to act. Here, Villareal simply states that his "application for writ of habeas corpus [was] mailed from [his prison] unit on August 10, 2002." To whom it was

---

[2]Filing something with the district clerk does not mean the trial court is aware of it. Nor is that clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Thus, it was incumbent upon Villarreal to prove that the trial court received notice. *Id*. Merely alleging that something was filed with or mailed to the district clerk is not enough. *Id*.

sent, the address stated on the envelope, whether it was received by the district court, and the date on which it was received (assuming it was received) goes unmentioned. Similarly undeveloped is whether Villarreal did anything else to bring his application to the court's attention. Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it.

Fourth, and assuming *arguendo* that the motion was brought to the attention of a district court, the latter has a duty to consider and rule upon it. *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). This is so because the act of considering it is ministerial. *In re Bates*, 65 S.W.2d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d at 269-70. However, the court has a reasonable time within which to act. *Id*. And, whether that period lapsed is dependent upon the circumstances of each case. *In re Bates*, 65 S.W.2d at 135. In other words, no bright line demarcates the boundaries of a reasonable time period. *Id*. Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id*. So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.2d at 135; *see Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 694-695 (Tex. App.—Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495

3

(Tex. App.—Houston [14th Dist.] 1997, no pet.), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *In re Bates*, 65 S.W.2d at 135; *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992), Villarreal had the obligation to provide us with a record establishing that a properly filed application has awaited disposition for an unreasonable length of time.

The record before us merely illustrates that Villarreal may have mailed his Application for Writ of Habeas Corpus on or about August 10, 2002. Yet, no other evidence purporting to touch upon the indicia discussed in the preceding paragraph appears of record. And, because we do not hold that the district court's failure to act within approximately five months upon an application for writ of habeas corpus which may never have been received by it constitutes unreasonable delay *per se*, Villarreal failed to satisfy his burden of proof.

That Villarreal may be acting *pro se* and be incarcerated matters not. He and those in his position are obligated to abide by the pertinent rules of procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied). Accordingly, the petition for writ of mandamus is denied. Furthermore, it is ordered that a copy of this opinion be forwarded to the district court for the 154th Judicial District for Lamb County by means which assure its receipt by the court.

Brian Quinn
Justice

4