Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
IN RE: REFUGIO PADILLA,                         )                  No. 08-05-00178-CR
)
                                    Relator.                            )                 AN ORIGINAL PROCEEDING
)
)IN MANDAMUS
)

O P I N I O N

            Relator Refugio Padilla has filed a petition for a writ of mandamus, requesting that this Court
order the Hon. Mary Anne Bramblett, 41st Judicial District Court, El Paso County, to issue a writ
of habeas corpus and to conduct a hearing on the merits of his claims, as described in his petition for
pretrial writ of habeas corpus filed on January 13, 2005, and to rule on various pro se motions
complained-of therein. With regard to the motions, Relator states that he has filed several motions
in all of the cause numbers and has been unsuccessful in obtaining a hearing and that the trial court
refuses to even review any and all motions filed.


 We observe from the statement of facts presented
in Relator’s petition that he is represented by appointed counsel in all of the pending cases. 
            To obtain mandamus relief in a criminal matter, the relator must establish that (1) the act
sought to be compelled is ministerial, and (2) there is no adequate remedy at law. Dickens v. Court
of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex.Crim.App. 1987). 
            To the extent that Relator asks this Court to order the trial court to grant his application for
writ of habeas corpus, we conclude that we have no authority to order the trial court to rule in a
particular manner. See In re Villarreal, 96 S.W.3d 708, 710 (Tex.App.--Amarillo 2003, orig.
proceeding). With regard to Relator’s pro se motions in particular, because Relator is represented
by counsel, the trial court has no duty to rule on his pro se motions. See Landers v. State, 550
S.W.2d 272, 280 (Tex.Crim.App. 1977); Gray v. Shipley, 877 S.W.2d 806, 806 (Tex.App.--Houston
[1st Dist.] 1994, orig. proceeding). We observe that one of Relator’s pro se motions seeks
appointment of new counsel, however, this motion does not contain a file stamp date nor is there any
other indication that it was received by the trial court. 
            As to Relator’s application for writ of habeas corpus generally, while the application was
received by the district clerk and file stamped on January 13, 2005, there is no indication that the trial
court was made aware of the motion. See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo
2001, orig. proceeding)(filing the matter with the district clerk is not sufficient to impute knowledge
of the pending pleading to the trial court such that it is made aware of it). Consequently, Relator has
failed to establish that the trial court was made aware of the application or that the trial court’s
failure to rule on the pleading in less than four months is unreasonable. See In re Villarreal, 96
S.W.3d at 710-11, 711.
            Accordingly, Relator’s petition for writ of mandamus is denied.

June 16, 2005                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)