In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-377 CV


____________________



IN RE DAVID TIDWELL






Original Proceeding






MEMORANDUM OPINION


 On August 25, 2005, David Tidwell filed a petition for writ of mandamus. An
inmate in the Correctional Institutions Division of the Texas Department of Criminal
Justice, Tidwell complains of the trial court's failure to have him bench warranted for a
permanency hearing in Cause No. F-190486, In the Interest of K.W. He seeks to compel
the trial court to vacate its permanency hearing order of July 19, 2005, and rule on the
relator's motion. 

 On September 8, 2005, we notified the relator that the petition did not comply with
the Rules of Appellate Procedure applicable to original proceedings filed in appellate
courts, granted him thirty days to amend his petition, and directed Tidwell to mail a copy
of the petition to the respondent and the real party in interest. See Tex. R. App. P. 9.5,
52. The relator filed an appendix on November 2, 2005. The document consists of
supplemental briefing and copies of documents purportedly filed in the trial court. The
certificate of service states that Tidwell provided the parties with a copy of that part of the
appendix containing the supplemental briefing. The relator has not demonstrated
compliance with the service requirements for either the petition or the record. See Tex.
R. App. P. 9.5(a); 52.7(c). 

 Mandamus will issue only to correct a clear abuse of discretion or violation of a
duty imposed by law when that abuse cannot be remedied by appeal. Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex.1992); Walker v. Packer, 827 S.W.2d 833, 839
(Tex.1992). The party seeking to compel a trial court to act upon a motion must provide
a record sufficient to establish presentation and refusal. In re Villareal, 96 S.W.3d 708,
710-11 (Tex. App.-Amarillo, orig. proceeding). Tidwell claims that in May or June of
2005 he filed a request to participate in hearings in person or through conference calls, but
no official filemark appears on the motion contained in the appendix. The relator fails to
establish that the district clerk received the motion. Furthermore, the permanency hearing
order contained in the appendix recites a final hearing date of August 15, 2005 and a
dismissal date of September 25, 2005. Tidwell fails to inform the Court of the current
status of the case or explain why appellate review is unavailable at this time. 

 The relator has not demonstrated that the trial court abused its discretion, nor has
he shown that he is entitled to the relief sought. Accordingly, the petition for writ of
mandamus is denied. 

 WRIT DENIED.

 PER CURIAM


Opinion Delivered November 17, 2005 

Before Gaultney, Kreger and Horton, JJ.