Petitions for Writ of Mandamus Denied, and Memorandum Opinion filed
December 11, 2008








 

Petitions
for Writ of Mandamus Denied, and Memorandum Opinion filed December 11, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01026-CR

NO. 14-08-01027-CR

____________

 

IN RE IVO NABELEK, Relator

 

 



 

ORIGINAL
PROCEEDINGS

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
November 6, relator, Ivo Nabelek, filed two petitions for a writ of mandamus.  See Tex.
Gov=t Code Ann. ' 22.221(b) (Vernon 2004); Tex. R.
App. P. 52.  In those petitions, relator asks us to direct the respondent[1]
to rule on several pending motions, which he contends were filed on December
17, 2007.  Because relator has not demonstrated an abuse of the trial court=s discretion, however, we deny the
mandamus petitions.








In an
appropriate case, mandamus may issue to compel a trial court to perform its
ministerial duty of considering and ruling upon a properly filed and pending
motion.  See In re Chavez, 62 S.W.3d 225, 228 (Tex. App.CAmarillo 2001, orig. proceeding); Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.CSan Antonio 1997, orig. proceeding). 
To be entitled to mandamus relief, the relator must demonstrate that the trial
court was asked to rule, had a duty to rule, and failed or refused to do so.  See
Chavez, 62 S.W.3d at 228.  In other words, a relator must prove that the
trial court was presented with the motion, but refused to rule within a
reasonable time.  See id.

Relator
has not demonstrated that his motions[2] have been
presented to the trial court for ruling.  Although relator insists his motions
were filed with the 180th district court, the paperwork attached to his
mandamus petition demonstrates otherwise.  The motions bear no file stamp, and
relator has not provided a certified-mail green card reflecting the trial court=s receipt of these motions.  In
addition, the alleged filing letter was addressed to the Harris County district
clerk, not the trial court.  See Tex. R. Civ. P. 74 (permitting
pleadings to be filed with clerk).  If relator=s motions were filed with the
district clerk, we are unaware of any rule that imputes the clerk=s knowledge to the trial court.  See
Chavez, 62 S.W.3d at 228.  In that event, it must be demonstrated that the
trial court was aware of the motion; however, relator has not produced
correspondence from the clerk indicating that relator=s motions were presented to the trial
court.  See, e.g., In re Peters, No. 14-08-00744-CV, 2008 WL 4390186, at
*1 (Tex. App.CHouston [14th Dist.] Sept. 30, 2008, orig. proceeding) (mem. op.).








Instead,
relator avers in an unsworn affidavit that his cousin telephoned a clerk during
the ASummer of 2008,@ and that the clerk informed relator=s cousin that the respondent had not
acted on the motions.  Were we to consider this double hearsay statement,
relator still has not demonstrated that the trial court delayed unreasonably by
failing to rule before November 6, the date relator=s mandamus petition was filed.

There is
no bright-line demarcation of what constitutes a reasonable time period.  See
Chavez, 62 S.W.3d at 228.  Instead, the determination depends upon a Amyriad of criteria,@ including the trial court=s actual knowledge of the motions;
its overt refusal to act on the motions; the state of the court=s docket; and the presence of other,
more pressing, judicial and administrative matters.  See id. at 228B29.  The record is silent as to
several of these considerations, and relator has not shown the trial court=s alleged delay, from the ASummer of 2008@ to November 6, 2008, to be per se
unreasonable.  See, e.g., In re Villarreal, 96 S.W.3d 708, 711 (Tex.
App.CAmarillo 2003, orig. proceeding)
(finding five-month delay not per se unreasonable).

Accordingly,
we deny the petitions for writ of mandamus in cause numbers 14-08-01026-CR and
14-08-01027-CR, and all other requests for relief contained in those petitions.

 

PER
CURIAM

 

Petitions Denied, and Memorandum Opinion filed,
December 11, 2008.

Panel consists of Justices Yates, Seymore, and Boyce.

Do Not Publish.  See Tex. R. App. P. 47.2.

 









            [1]  The respondent
is the Honorable Debbie Mantooth-Stricklin, presiding judge of the 180th
District Court of Harris County, Texas.





            [2]  The motions in
question consist of relator=s (1) Motion to
Temporarily Unseal Evidence, (2) Motion for In Camera Review, (3) Motion
for Withdrawal and Substitution of Exhibits, and (4) Motion to Return Original
Exhibits to the State.