Petition for Writ of Mandamus
Denied and Memorandum Opinion filed December 31, 2009.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00981-CR

____________

 

IN RE JOHN WHITSON, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On November 19, 2009, relator, John Whitson, filed a petition
for writ of mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221
(Vernon 2004); see also Tex. R. App. P. 52.  In the petition, relator
asks this court to compel the Honorable Jim Wallace, presiding judge of the 263rd
District Court of Harris County, to rule on his “motion for nunc pro tunc.”  

            As
an initial matter, relator’s petition does not comply with the Texas Rules of
Appellate Procedure.  See Tex. R. App. P. 52.7(a)(1).  Notwithstanding
this deficiency, relator has not shown that he is entitled to mandamus relief. 

            To
be entitled to mandamus relief, a relator must show that he has no adequate remedy
at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  

            Relator
has not provided a sufficient record in this original proceeding.  He has not
attached a file-stamped copy of the motion to his petition and, therefore, has
not demonstrated that he filed the motion in the trial court.  Relator merely
asserts that he mailed the motion to the district clerk on July 6, 2009.  Nor
has relator shown that the trial court received, was aware of, or was asked to
rule on his “motion for nunc pro tunc.”  See In re Villarreal, 96 S.W.3d
708, 710 (Tex. Ap.—Amarillo 2003, orig. proceeding). 

            Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus. 

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.

Do Not
Publish—Tex. R. App. P. 47.2(b).