Petition for Writ of Mandamus Denied and
Memorandum Opinion filed February 9, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00080-CR



 

In Re Ruben Hernandez,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

January 28, 2010, relator, Ruben Hernandez filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this Court to compel the Honorable Herb Ritchie, presiding judge
of the 337th District Court of Harris County, to rule on his motions to review
the trial/appellate record.[1] 


            To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received or was asked to rule on the motion.  In re Villarreal, 96
S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  

            Relator
alleges that he has filed two motions to review the trial/appellate record for
the purpose of preparing an application for writ of habeas corpus.  Relator
claims his first motion, along with a request for a hearing, has been pending
for over two years.  This motion does not have a certificate service showing
when he purportedly mailed it to the trial court.  The certificate of service
on the second motion indicates that it was mailed in March 2009.  Neither
motion bears the file stamp of the Harris County District Clerk.  Therefore,
relator has not demonstrated that the motions were actually filed, and are
pending, in the trial court.  Relator also has not shown, even if his motions
were filed in the trial court, that the court received, was aware of, or was
asked to rule on the motions.  See id.  Filing something with the
district clerk does not mean the trial court is aware of it.  Id. at
n.2.  Nor is the clerk’s knowledge imputed to the trial court.  Id.  

Moreover, relator has not paid the filing fee or
filed an affidavit of indigence.  See In re Grable, No. 14-04-00779-CV,
2004 WL 1946136, at *1 (Tex. App.—Houston [14th Dist.] Sept. 2, 2004, orig.
proceeding) (mem. op.) (“[W]e are not required to rule on matters unless a
filing fee has been paid or a proper affidavit of indigence has been filed.”); see
also Tex. R. App. P. 20. (requiring relator to file affidavit of indigence
with petition in order to proceed without advance payment of costs).  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Anderson
and Christopher.

Do not publish B
Tex. R. App. P. 47.2(b).

 

 









[1] Relator
names the Honorable Don Strickland as the respondent.  However, the Honorable
Herb Ritchie is the presiding judge of the 337th District Court.  This court
previously affirmed relator’s conviction for capital murder and sentence of
life imprisonment.  See Hernandez v. State, No. 14-07-00124-CR, 2008 WL
2262046 (Tex. App.—Houston [14th Dist.] May 29, 2008, pet. ref’d), cert.
denied, __ U.S. __, 129 S. Ct. 2164 (2009).