Petition for Writ of Mandamus Dismissed and Memorandum
Opinion filed June 24, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00522-CR

NO. 14-10-00523-CR

___________________

 

IN RE REGINALD
JOHNSON, Relator



 



 

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS



 



 

 

MEMORANDUM OPINION

Relator, Reginald Johnson, an inmate in the Texas
Department of Criminal Justice who is proceeding pro se, filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann. §
22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In his petition,
Harrison complains that respondent, the Honorable Hazel Jones, has not ruled on
his applications for pre-conviction writ of habeas corpus filed in the 338th
District Court of Harris County in trial court cause numbers 1200779 and
1200780.  See Tex. Code Crim. Proc. Ann. art. 11.08 (Vernon 2005).  Johnson
claims the applications have been pending since December 2009 but admits he is
unable to establish the trial court is aware of them.  

To be entitled to mandamus relief, a relator must show that
he has no adequate remedy at law to redress his alleged harm, and what he seeks
to compel is a ministerial act, not involving a discretionary or judicial
decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.proceeding). Consideration of a
motion that is properly filed and before the court is a ministerial act.  State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig.proceeding) (op. on reh'g).  A
relator must establish the trial court (1) had a legal duty to rule on the
motion; (2) was asked to rule on the motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App. -- Waco 2003, orig. proceeding).  A relator must show that the trial court received, was aware
of, and asked to rule on the motion.  In
re Villarreal, 96 S.W.3d 708, 710
(Tex. App. -- Amarillo 2003, orig. proceeding).  Filing
something with the district clerk's office does not mean the trial court is
aware of it; nor is the clerk's knowledge imputed to the trial court.  Id.
at n. 2.

Relator has not provided file-stamped copies of his
applications for writ of habeas corpus demonstrating they are actually pending
in the trial court.  Absent a showing the trial court is aware of and been
asked to rule on his applications for writ of habeas corpus, relator has not
established his entitlement to the extraordinary relief of a writ of mandamus. 
Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel consists of Justices
Brown, Sullivan, and Christopher.

Do
Not Publish C Tex. R. App. P. 47.2(b)