Petition for Writ of Mandamus Denied and
Memorandum Opinion filed July 23, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00562-CR



 

In Re Lionel Newman,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

            On
June 24, 2010, relator, Lionel Newman, filed a petition for writ of mandamus in
this Court.  See Tex. Gov’t Code Ann. §22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relator asks this Court to compel the
Honorable Belinda Hill, presiding judge of the 230th District Court of Harris
County, to rule on the State’s motion requesting temporary release of
evidence.  

            On
October 31, 2005, relator was convicted of the offense of burglary of
habitation with intent to commit theft.  See Newman v. State, No.
14-05-01125-CR, 2007 WL 1437624 (Tex. App.—Houston [14th Dist.] May 17, 2007,
pet. ref’d) (mem. op.) (not designated for publication).  Relator’s conviction,
which was affirmed by this court, was based on the recovery of relator’s
fingerprints at the crime scene.  Id. at *2–3.  Relator contacted the
Houston Latent Fingerprint Crime Lab asking that his case be re-examined after
learning that the Houston City Council had authorized $3 million to begin the
process of reforming the Houston Police Department’s fingerprint comparison
unit, including paying a team of consultants to re-examine violent and property
crime cases that have been awaiting review.  

On February 23, 2010, the State filed a motion
requesting temporary release of evidence.  In the motion, the State explained
that “issues have recently been discovered within the Houston Police Department
Latent Print Laboratory, and consultants have been contracted to re-examine
fingerprint evidence.  In light of these publicized issues, Defendant has made
a written request that the State again examine and compare the fingerprint
evidence in cause number 1043620.”  The State requested that the trial court
order the Harris County District Clerk’s Office to temporarily release State’s
Exhibits 24 through 27—the fingerprint cards collected from the crime scene—to
J.J. Freeze, an investigator with the Harris County District Attorney’s Office,
for delivery to the custody of the Houston Police Department Latent Print
Laboratory for examination and comparison purposes.  The State further
requested that, at the completion of the examination and comparison, the
fingerprint evidence be released by the Houston Police Department Latent Print
Laboratory investigator J.J. Freeze or any other Harris County District
Attorney’s Office investigator for return to the custody of the Harris County
District Clerk’s Office.  

            To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and was asked to rule on the motion.  In re
Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig.
proceeding).  

            Relator
has not provided a certified or sworn copy of the State’s motion requesting
temporary release of evidence.  See Tex. R. App. 52.7(a)(1) (requiring
relator to file with petition certified or sworn copy of every document that is
material to relator’s claim for relief and that was filed in any underlying
proceeding).  Moreover, relator has not shown that the trial court received the
motion, was aware of the motion, and was asked to rule on it.  Filing something
with the district clerk’s office does not support the assertion that the trial
court is aware of it; nor is the clerk’s knowledge imputed to the trial court. 
In re Villarreal, 96 S.W.3d at n.2.  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).