Petition for Writ of Mandamus Denied and
Memorandum Opinion filed July 23, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00521-CR



In Re Joe Anthony Martinez,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

                On
June
14, 2010,
relator, Joe Anthony Martinez, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this Court to compel the presiding judge of the 338th
District Court of Harris
County to rule on his “Motion to Designate, Reenact, Reinstate and Resume
Preservation and Retention of All Evidence and Records.”  

            Relator
asserts in his petition that he filed his motion to designate with the trial
court on August 5, 2008, but the trial court has taken no action his motion. 
Relator includes in the mandamus record a letter to the trial court dated
August 5, 2008, requesting “the next available court docket and present this
motion for hearing, if necessary, on the merits.”  Relator also asserts that he
filed on February 2, 2009 a motion to compel the trial court to rule on his
motion to designate.  Relator also includes a letter to the trial court dated
February 2, 2009, requesting that the court to set his motion to compel and
motion to designate “for the Next available Court Docket and, if necessary,
grant hearings on the merits form [sic] this request and motion.”  

            To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  Filing
something with the district clerk’s office does not mean the trial court is
aware of it; nor is the clerk’s knowledge imputed to the trial court.  Id.
at n.2.  

            Relator
has not provided a sufficient record in this original proceeding.  Relator has
not provided file-stamped copies of his motion to designate and motion to
compel demonstrating that the motions are actually pending in the trial court.  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.  

                                                                        PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices Yates and
Boyce.

Do Not Publish — Tex. R. App. P. 47.2(b).