Petition for Writ of Mandamus Denied and
Memorandum Opinion filed July 27, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00639-CR



 

In Re Michael Wayne Barnes,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

            On
July 15, 2010, relator, Michael Wayne Barnes,
filed a petition for writ of mandamus in this Court.  See Tex. Gov’t
Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the
petition, relator asks this Court to compel the presiding judge of the 183rd
District Court of Harris
County to rule on his motion for forensic DNA testing and appointment of
counsel.  

            Relator
asserts in his petition that he filed his motion on March 18, 2010 “through the
Harris County District Clerk’s office which presented the Motion and
Appointment of Counsel pursuant to Tex. Code Crim. Proc. Art. 64.01–.05 to the
183[rd] District Court of Harris County.” 

            To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  

Relator has not provided a sufficient record in this
original proceeding.  Relator has not provided file-stamped copies of his
motion to designate and motion to compel demonstrating that the motions are
actually pending in the trial court.  Also, the motion relator attaches to his
petition is actually entitled “Defendant’s Motion for Presentation and Forensic
Testing of D.N.A. Evidence,” makes no request for appointment of counsel, and
is not sworn or certified.  See Tex. R. App. P. 52.7(a)(1) (requiring
relator to file with petition certified or sworn copy of every document that is
material to relator’s claim for relief and that was filed in any underlying
proceeding).  

Moreover, relator has not shown that the trial court
received the motion, was aware of the motion, and was asked to rule on it. 
While relator avers in his petition that he filed his petition with the Harris
County District Clerk’s Office, “which presented” the motion to the trial
court, filing something with the district clerk’s office does not mean the
trial court is aware of it; nor is the clerk’s knowledge imputed to the trial
court.  In re Villarreal, 96 S.W.3d at 710 n.2.  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).