Petition for Writ of Mandamus
Denied and Memorandum Opinion filed July 29, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00631-CR

____________

 

IN RE CHARLES FRANKLIN IRELAND, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On July 13, 2010, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  Relator complains that respondent, the
Honorable Hazel B. Jones, presiding judge of the 338th District Court of Harris
County, has failed to (1) order the State to deliver the DNA evidence to the
court or show the court in writing why it cannot deliver the DNA evidence; and
(2) rule in a reasonable time on his motion for DNA testing.

To be entitled to mandamus relief, a relator must
show that he has no adequate remedy at law to redress his alleged harm, and
what he seeks to compel is a ministerial act, not involving a discretionary or
judicial decision.  State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App.
2007)
(orig.proceeding). Consideration of a motion that is properly filed and before
the court is a ministerial act.  State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig.proceeding) (op. on reh'g).  A
relator must establish the trial court (1) had a legal duty to rule on the
motion; (2) was asked to rule on the motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252
(Tex. App. -- Waco 2003, orig. proceeding).  A relator must show that the trial
court received, was aware of, and asked to rule on the motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App. --
Amarillo 2003, orig. proceeding).  Filing something
with the district clerk's office does not mean the trial court is aware of it;
nor is the clerk's knowledge imputed to the trial court.  Id. at n. 2.

Relator has not provided file-stamped copies of his request
motion for DNA testing demonstrating it is actually pending in the trial court.[1] 
The State’s duty to deliver the evidence or explain in writing why it cannot
only arises on receipt of the motion by the trial court.  Tex. Code. Crim.
Proc. art. 64.02(a).  Absent a showing the trial court is aware of and been
asked to rule on his motion, relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

 

Panel
consists of Justices Brown, Sullivan, and Christopher.

Do Not
Publish C  Tex. R. App. P. 47.2(b).

 









[1]
In his petition, relator acknowledges he was appointed an attorney to represent
him in this matter, Bob Wicoff.