Opinion
issued March 3, 2011.

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00012-CR

———————————

IN RE JERRY
WIGFALL, Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

Relator, Jerry Wigfall, who is represented by counsel in the
court below, has filed a pro se petition for writ of mandamus, asking this
court to direct respondent[1]
to rule on his pro se motions or, in the alternative, to dismiss the pending
underlying case.  We deny the petition
for writ of mandamus.

          To establish that the trial court
abused its discretion by failing to rule, a relator must show that the trial
court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to
perform that act, and (3) failed or refused to do so.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding).  The relator must show that
the trial court received a motion, was aware of it, and was asked to rule, but
failed or refused. Id.  

Relator complains that the trial court failed or refused to
rule on eight motions, however, relator appended only four of the motions to
his petition. See Tex. R. App. P. 52.3(k).  The motions are not file-stamped, and relator
has not provided any other proof that his motions are actually pending in the
trial court.  See Tex. R. App. P.
52.7(a)(1).  The motions do not have certificates
of service showing when they were mailed to the trial court. See In re Villarreal, 96 S.W.3d 708,
710–11 (Tex. App.—Amarillo 2003, orig. proceeding).  Further, relator has not
shown that the trial court was aware of the motions and was asked to rule on
them, but failed or refused.  See Barnes, 832 S.W.2d at 426.

          Relator requests, in the alternative,
that the pending underlying case be dismissed. 
To be entitled to mandamus relief, a relator must show that he has no
adequate remedy at law to redress his alleged harm and that he seeks to compel a
ministerial act, not involving a discretionary or judicial decision. State ex rel. Young v. Sixth Judicial Dist.
Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)
(orig. proceeding).  By his petition,
relator does not offer any basis for his request or demonstrate that he is
entitled to such relief. 

Accordingly,
we deny the petition for writ of mandamus.

PER CURIAM

Panel
consists of Justices Jennings, Higley, and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Respondent is The Honorable Mark
Kent Ellis of the 351st District Court, Harris County, Texas.