Petition for Writ of Mandamus Dismissed and
Memorandum Opinion filed March 10, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00145-Cv



In Re RALPH O. DOUGLAS,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

            On
February 24, 2011, relator, Ralph O. Douglas, filed
a petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§ 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In his petition, relator
requests this court to compel the Honorable Michael Gomez, presiding judge of
the 129th District Court of Harris County, Texas, to rule on a motion to compel
that he claims to have filed in his court.

             To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision. State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.proceeding). Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App.1987)
(orig.proceeding) (op. on reh'g).  A relator must establish the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App.
-- Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App. -- Amarillo 2003, orig. proceeding).  Filing
something with the district clerk's office does not mean the trial court is
aware of it; nor is the clerk's knowledge imputed to the trial court.  Id.
at n. 2.

Relator
has not provided a file-stamped copy of his motion demonstrating it is actually
pending in the trial court.  Absent a showing the trial court is aware of and
been asked to rule on his motions, relator has not established his entitlement
to the extraordinary relief of a writ of mandamus.  Accordingly, we deny
relator’s petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Brown, Boyce, and Jamison.