Petition for Writ of Mandamus
Denied and Memorandum Opinion filed July 7, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00549-CR

____________

 

IN RE ALPHONSO GRANT, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

183rd District Court

Harris County, Texas

Trial Court Cause No. 605624

 

 

 



M E M O R
A N D U M   O P I N I O N

            On June 27, 2011, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code § 22.221; see also
Tex. R. App. P. 52.  Relator complains that respondent, the Honorable Vanessa
Valasquez, presiding judge of the 183rd District Court of Harris County, has
failed to rule on his motions to obtain trial records. 

            To be entitled to mandamus relief, a relator must show that
he has no adequate remedy at law to redress his alleged harm, and what he seeks
to compel is a ministerial act, not involving a discretionary or judicial
decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.proceeding).
Consideration of a motion that is properly filed and before the court is a
ministerial act.  State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.
Crim. App.1987) (orig.proceeding) (op. on reh'g).  A relator must establish the
trial court (1) had a legal duty to rule on the motion; (2) was asked to rule
on the motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250,
252 (Tex. App. -- Waco 2003, orig. proceeding).  A relator must show that the
trial court received, was aware of, and asked to rule on the motion.  In re
Villarreal, 96 S.W.3d 708, 710 (Tex. App. -- Amarillo 2003, orig. proceeding). 
Filing something with the district clerk's office does not mean the trial court
is aware of it; nor is the clerk's knowledge imputed to the trial court.  Id.
at n. 2.

The motions attached to relator’s petition are directed to
the District Clerk of Harris County, not Judge Valesquez.  Absent a showing the
trial court is aware of and been asked to rule on his motion, relator has not
established his entitlement to the extraordinary relief of a writ of mandamus. 
Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Justices Anderson, Brown and Christopher.

Do Not Publish C Tex. R. App. P. 47.2(b)