**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 31, 2011.**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-12-00018-CR

————————

## IN RE GREGORY THOMPSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1262275**

---

## M E M O R A N D U M   O P I N I O N

On January 10, 2012, relator Gregory Thompson filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator asks this court to compel the respondent, the Honorable Ruben Guerrero, presiding judge of the 174th District Court of Harris County, to grant his motion for a judgment *nunc pro tunc* filed December 30, 2011, in his underlying felony conviction.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v.*

*Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

Relator has not provided this court with documentation necessary to support his requested relief. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). Relator has not established that that the trial court had a ministerial duty to grant his motion.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).