**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 10, 2012.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-12-00397-CR

### IN RE LEON HARRISON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 635921**

## MEMORANDUM OPINION

On April 30, 2012, relator Leon Harrison filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Belinda Hill, presiding judge of the 230th District Court of Harris County to hold a hearing on his pending motion to appoint a new attorney.

Relator is attempting to file his third motion for post-conviction DNA testing. *See Harrison v. State*, No. 14-07-00287-CR; 2008 WL 220711 (Tex. App.—Houston [14th Dist.] Jan. 29, 2008, pet. ref'd) and *Harrison v. State*, No. 14-02-01239-CR; 2003 WL 22902265 (Tex. App.—Houston [14th Dist.] Dec. 9, 2003, pet. ref'd). The respondent

appointed counsel to represent relator, but relator has requested new counsel. Relator attached to his petition a document entitled, "Leave For Counsel of Choice to Conduct Desired Presence Transports." He contends the respondent has failed to hold a hearing on the motion or rule on the motion.

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). A relator must show that the trial court received, was aware of, and asked to rule on the motion. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). The document attached to relator's motion is not file-stamped by the district clerk, nor does the petition reflect that the court was asked to rule on the motion and failed to do so.

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Frost, Jamison, and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b).

2