**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 27, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00829-CR

---

### IN RE BRADLEY BARTON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1206429-B**

---

## MEMORANDUM OPINION

On September 10, 2012, relator Bradley Barton, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator complains that the respondent, the Honorable Shawna L. Reagin, presiding judge of the 176th District Court of Harris County, has not ruled on his motion to recuse her that he filed in connection with his post-conviction application for writ of habeas corpus. *See Barton v. State,* No. 14-10-01119-CR, 2011 WL 5846300 (Tex. App.—Houston [14th Dist.] Nov. 22, 2011, no pet.) (not designated for

publication) (affirming relator's murder conviction). Relator asks that we compel the respondent to either recuse herself or refer the motion to recuse to the presiding judge of the local administrative district. We deny the petition.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

Relator has not established that the motion to recuse the respondent was properly filed and that the trial court was asked to rule on it but failed to do so. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Brown and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).