**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 2, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00863-CR

---

### IN RE WARREN P. CANADY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court No. 1276450-B**

---

## M E M O R A N D U M   O P I N I O N

On September 20, 2012, relator Warren P. Canady filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Joan Campbell, presiding

judge of the 248th District Court of Harris County, to rule on his motion to review trial and appellate records in cause number 1276450.

In an appropriate case, mandamus may issue to compel a trial court to perform its ministerial duty of considering and ruling upon a properly filed and pending motion. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). To be entitled to mandamus relief, the relator must demonstrate that the trial court was asked to rule, had a duty to rule, and failed or refused to do so. *Id.* In other words, a relator must prove that the trial court was presented with the motion, but refused to rule within a reasonable time. *See id.*

Relator attached to his petition a copy of his motion to review the records. The motion does not contain a file stamp or any other indication that the court was made aware of the motion. In his petition, relator alleges the motion was filed September 1, 2012. Were we to consider relator's statement that he filed the motion on September 1, 2012, relator still has not demonstrated that the trial court delayed unreasonably by failing to rule before September 20, 2012, the date relator's mandamus petition was filed.

In determining whether the trial court ruled within a reasonable time period, the court considers the trial court's actual knowledge of the motion, its overt refusal to act on the motion, the state of the court's docket, and the presence of other, more pressing, judicial and administrative matters. *See id.* at 228–29. The record is silent as to these considerations, and relator has not shown the trial court's alleged delay, from September 1, 2012 to September 20, 2012, to be per se unreasonable. *See, e.g., In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (finding five-month delay not per se unreasonable).

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM


Panel consists of Justices Seymore, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).