**Opinion issued May 18, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00058-CV

————————————

## IN RE BILLY RICHARDS A/K/A BILLY HOLMES, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

On February 1, 2021, relator, Billy Richards, also known as Billy Holmes, proceeding pro se, filed a petition for a writ of mandamus, asserting that the purported respondent, the Honorable Steven Kirkland, "fail[ed] and refus[ed] . . . to perform his ministerial duty to render a decision" on relator's July 21, 2021 petition for writ of mandamus, allegedly filed by relator in the 334th District Court of Harris County, Texas. However, at the time relator filed his petition for writ of mandamus

with this Court, Judge Kirkland had ceased to hold the office of judge of the 334th District Court of Harris County, Texas.

Accordingly, on February 9, 2021, we issued an order substituting the Honorable Dawn Rogers for Judge Kirkland as respondent and abated and remanded this original proceeding to allow Judge Rogers an opportunity to consider the pleadings made the basis of relator's petition. *See* TEX. R. APP. P. 7.2(a), (b). On March 17, 2021, relator filed a motion to reinstate this original proceeding, because respondent "has failed to take any action."

We reinstate this original proceeding and deny relator's petition for writ of mandamus.[1]

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus relief is only appropriate where the moving party establishes that the trial court has abused its discretion or violated a legal duty, and the party has no adequate remedy by appeal. *See id.*

Relator's petition for writ of mandamus asserts that respondent has failed to perform her ministerial duty to rule on his July 21, 2020 petition for writ of mandamus, purportedly filed in the trial court on July 21, 2020. "[A]dmittedly, the

---

[1] The underlying case is *Billy Richards a/k/a Billy Holmes v. Bryan Collier*, Cause No. 2020-43560, in the 334th District Court of Harris County, Texas, the Honorable Dawn Rogers presiding.

need to consider and rule upon a motion is not a discretionary act." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2002, orig. proceeding). "A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the [trial court] to act." *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). However, it is relator's burden to establish that his July 21, 2020 petition for writ of mandamus was properly filed and brought to the attention of the trial court. *See In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must "illustrate that the [trial] court received and was aware of" the pleadings at issue).

Relator has failed to present this Court with an appendix or mandamus record sufficient to establish that his July 21, 2020 petition for writ of mandamus was filed in the trial court or otherwise brought to the attention of the trial court.[2] Thus, while the act relator seeks to compel in this case is ministerial in nature, he is not entitled to mandamus relief. *See In re Chavez*, 62 S.W.3d at 228 ("And, because the state of the record prevents us from holding that the trial court was aware of the motion, we

---

[2] The Texas Rules of Appellate Procedure require a petition for writ of mandamus to be accompanied by an appendix including "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(k)(1)(A); *see also* TEX. R. APP. P. 52.7(a)(1) ("Relator must file with the petition a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding.").

cannot say that the trial court abused its discretion in allegedly failing to act on same."); *see also In re Villareal*, 96 S.W.3d at 710 ("[A] court cannot be faulted for doing nothing when it was not aware of the need to act.").

Accordingly, we deny relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Guerra, and Farris.