

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00035-CR

_____

IN RE DAVID LEN MOULTON

Original Mandamus Proceeding

Before Morriss, C.J., Carter* and Marion,** JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment
**Sandee Marion, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

David Len Moulton has petitioned this Court for mandamus relief. Well after his conviction for murdering his wife had become final, Moulton submitted to the trial court a request for discovery. That request was denied for lack of jurisdiction. Because the trial court correctly determined that it had no jurisdiction over the request, we deny Moulton's petition for mandamus relief.

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

Moulton's conviction had been affirmed by the Texas Court of Criminal Appeals in March 2013,[1] and that court's mandate issued April 2, 2013. "When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court." *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). "Once the general jurisdiction of a trial court is exhausted, it has only limited jurisdiction to carry out a higher court's mandate and to perform functions specified by law, such as determining entitlement to

_____

[1]*Moulton v. State*, 395 S.W.3d 804 (Tex. Crim. App. 2013).

2

postconviction DNA testing." *Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016) (footnotes omitted).

The trial court correctly determined that it did not have jurisdiction over Moulton's motion. Not only did the trial court have no ministerial duty to act on Moulton's motion, in fact, the trial court could not act because it had no jurisdiction. Without jurisdiction, under these circumstances, the trial court correctly dismissed Moulton's request.

We deny Moulton's petition for mandamus relief.


                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:     April 18, 2022
Date Decided:       April 19, 2022

Do Not Publish