

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-25-00104-CV

___

IN RE RICHARD JONES, RELATOR

___

ORIGINAL PROCEEDING

___

March 24, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Before the Court is the petition of Richard M. Jones, Relator, for writ of mandamus. Relator asserts that the trial court has unlawfully ignored several motions he has filed in the underlying proceeding.

"Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists." *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Rule 52.3 of the Texas Rules of Appellate procedure sets forth the required form and contents of a petition for a writ of mandamus. *See* TEX. R. APP. P. 52.3. It is Relator's burden to provide this Court with a record sufficient to establish his right to mandamus

relief.  *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  Petitions must include, among other things, a proper appendix or record that includes a certified or sworn copy of the document showing the matter complained of.  TEX. R. APP. P. 52.3(k)(1)(A).  Specifically, Relator's petition does not include a certified or sworn copy of any of the motions about which he contends that the trial court has ignored.  Further, the petition does not include other contents required by Rule 52.3, such as "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See* TEX. R. APP. P. 52.3(h).

Relator's petition for writ of mandamus is unsupported by a proper record and lacks substantive legal analysis.  Relator has not established his entitlement to mandamus relief.  *See Walker*, 827 S.W.2d at 837.  Accordingly, the petition is denied.

Per Curiam