Petition for Writ of Mandamus Denied
and Memorandum Opinion filed November   18, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01097-CR

____________

 

IN RE calvin
edward weaver, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            Relator
Calvin Edward Weaver seeks issuance of a writ of mandamus directing the
presiding judge of the 230th District Court in Harris County to respond to his
petition to reopen his final conviction for aggravated sexual assault of a
child.  See Weaver v. State, 2000 WL 63997, No. 14-98-00243-CR (Tex.
App.—Houston [14th Dist.] Jan. 27, 2000, pet. ref’d) (not designated for
publication).  He asserts that he mailed a “Motion for Leave to Proceed,”
Petition to the Court to Reopen,” and “Memorandum and Conclusion of Law,
Findings of Fact in support of attached Petition to the Court to Reopen” to the
trial court and he has not received a response.

To be entitled to mandamus relief, a relator must show that he has no
adequate remedy at law to redress his alleged harm, and that what he seeks to
compel is a ministerial act, not involving a discretionary or judicial
decision.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration
of a motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding).  A relator must establish the trial court (1) had a legal duty to
rule on the motion; (2) was asked to rule on the motion; and (3) failed to do
so.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig.
proceeding); In re Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo
2003, orig. proceeding) (relator must show that trial court court received, was
aware of, and was asked to rule on motion).  

It appears that relator’s request relates to post-conviction relief from
an otherwise final felony conviction.  Only the Texas Court of Criminal Appeals
has jurisdiction over matters related to post-conviction relief from a final
felony conviction.  See Ater v. Eighth Court of Appeals, 802 S.W.2d 241,
243 (Tex. 1991); see also Tex. Code Crim. Proc. Ann. art. 11.07; Board
of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides
the exclusive means to challenge a final felony conviction).  

We are unable to ascertain the nature of the relief
relator seeks, however.  Relator has not provided this court with copies of the
motions on which he seeks a ruling.  It is relator’s burden to provide this
court with a record sufficient to establish his right to relief.  Walker v.
Packer, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). 
Relator has not established that the motions were properly filed and that the
trial court was asked to rule on them but failed to do so.  

Accordingly, we deny relator’s petition for writ of mandamus.

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Seymore.

Do Not
Publish — Tex. R. App. P. 47.2(b).