Motion for Rehearing Overruled; Opinion
of December 2, 2010 Withdrawn.  Petition for Writ of Mandamus Denied and Substitute
Memorandum Opinion on Rehearing filed February 3, 2011.

 

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01123-CV



 

In Re Robert R. Taylor,
Relator



 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

506th
District Court

Grimes County,
Texas

Trial Court No.
31555



 



 

SUBSTITUTE MEMORANDUM OPINION

We withdraw the memorandum opinion issued December 2,
2010, and issue this substitute opinion in its place.  Relator’s motion for
rehearing is overruled.

On November 16, 2010, relator Robert R. Taylor filed
a petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this court to compel the Honorable Albert M. McCaig, Jr.,
presiding judge of the 506th Judicial District Court of Grimes County to return
filing fees that have been deducted from his inmate trust account and permit
him to withdraw his civil suit without prejudice.

According to his petition, relator previously filed a
civil suit in the 506th District Court in Grimes County against two employees
of the Texas Department of Criminal Justice alleging the employees violated his
civil rights.  Although he asserts he is indigent, according to relator, the
respondent deducted a filing fee for the suit from his inmate trust account. 
Relator now asks this court to compel the respondent to refund the filing fee
and permit relator to withdraw the lawsuit without prejudice to re-filing.  

When a properly filed motion is pending before the
trial court, the act of giving consideration to and ruling on that motion is a
ministerial act, and mandamus may issue to compel the trial court to act.  Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig.
proceeding).  To establish that the trial court abused its discretion by
failing to rule, the relator must show that the trial court: (1) had a legal
duty to perform a nondiscretionary act; (2) was asked to perform that act; and
(3) failed or refused to do so.  In re Shredder Co., L.L.C., 225 S.W.3d
676, 679 (Tex. App.—El Paso 2006, orig. proceeding).  Specifically, a relator
must show that the trial court received the motion, was aware of it, and was asked
to rule on the motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo
2003, orig. proceeding).  

Relator attached a file-stamped copy of his “Response
to Defendant’s Amicus Curiae Advisory Chapter Fourteen Motion to Dismiss.”  In
that document, relator states that he does not want to pursue his suit if he
cannot proceed in forma pauperis.  However, in his prayer for relief, relator
asked the trial court for summary judgment against the defendants in the amount
of $10,000.  Relator also attached a file-stamped copy of a motion requesting
the return of his filing fee in which he asked the trial court to reconsider
its ruling on his affidavit of indigence.  Relator has not shown, however, that
the trial court received, was aware of, or was asked to rule on the motions.  Filing
a document with the district clerk does not mean the trial court is aware of
it; nor is the clerk’s knowledge imputed to the trial court.  In re Hearn,
137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); Villarreal,
96 S.W.3d at 710 n. 2.  Therefore, no abuse of discretion is shown.  See In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator has not established entitlement to the
extraordinary relief of writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Brown.