Petition for Writ of Mandamus Denied and
Memorandum Opinion filed September 13, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00745-CR



In Re INIYBONG EBONG,
Relator



 



ORIGINAL PROCEEDING



WRIT OF MANDAMUS

351st District
Court

Harris County,
Texas

Trial Court Cause No. 1286755



MEMORANDUM
 OPINION

On August 29, 2011, relator Iniybong Ebong filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221; see also Tex. R. App. P. 52.  In the petition, relator asks
this court to compel the Honorable Mark Ellis, presiding judge of the 351st
District Court of Harris County to rule on his pretrial application for writ of
habeas corpus.

Consideration of a motion that is properly filed and
before the court is a ministerial act.  State ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding).  A relator must
establish the trial court (1) had a legal duty to rule on the motion; (2) was
asked to rule on the motion; and (3) failed to do so.  In re Keeter, 134
S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding).  A relator must show
that the trial court received, was aware of, and was asked to rule on the
motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003,
orig. proceeding).  Relator did not attach a file-stamped copy of his pretrial
application demonstrating it is actually pending in the trial court.  

Relator has not established entitlement to the
extraordinary relief of a writ of mandamus.  He has not provided this court
with a record showing that the 351st District Court received the application
for writ of habeas corpus, was aware of it, was asked to rule on it, and
refused to rule.  Accordingly, we deny relator’s petition for writ of mandamus 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).