**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 10, 2011.**



In The

# 𝕱ourteenth 𝕮ourt of 𝕬ppeals

————————

### NO. 14-11-00948-CR

————————

## MARCUS MARQUIS PRUITT, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1201763**

---

## M E M O R A N D U M   O P I N I O N

On October 28, 2011, relator Marcus Marquis Pruitt filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Marc Brown, presiding judge of the 180th District Court of Harris County, has failed to rule on his motion for return of seized property.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v.*

*Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Relator provided this court with a copy of a motion filed August 22, 2011, on which he seeks a ruling. According to the motion, on February 2, 2009, relator was arrested for a narcotics offense and over $900 was seized from him. He states that as of July 28, 2011, the State had not instituted forfeiture proceedings. For that reason, relator seeks the return of the money seized from him at the time of his arrest.

It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Villarreal*, 96 S.W.3d at 710. Although relator provided this court with a file-stamped copy of his motion, he has not established that the trial court was asked to rule on it but failed or refused to do so.

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, Seymore, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).