**Petition for Writ of Mandamus Dismissed in Part and Denied in Part and Memorandum Opinion filed April 16, 2013.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-13-00297-CV
### NO. 14-13-00298-CV

## IN RE JASON RAY BRANNON A.K.A MICHAEL EARL SHORT, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**129th & 157th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2011-21469 & 2011-31498**

## MEMORANDUM OPINION

On April 4, 2013, relator Jason Ray Brannon a.k.a Michael Earl Short filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Michael Gomez, presiding judge of the 129th District Court of Harris

County to rule on his motion for expunction of records. Relator also asks this court to compel Chris Daniel, the Harris County District Clerk and Mike Anderson, the Harris County District Attorney to provide "access to the courts for an expunction of arrest records." We deny the petition as to Judge Gomez and dismiss for want of jurisdiction as to the Harris County District Clerk and the Harris County District Attorney.

According to his petition, relator filed a motion to expunge arrest records on January 26, 2010, then re-filed two motions to expunge records on January 7, 2011. On October 31, 2011, according to relator, Judge Gomez granted the expunction in trial court cause number 2011-21469, but on November 30, 2011, an assistant district attorney with the Harris County District Attorney's office objected to the expunction. Relator complains that the District Attorney's office and the District Clerk have prevented him from expunging arrest records. Relator did not attach copies of the motions to expunge records, the assistant district attorney's objections, or the trial court's earlier grant of his motions.

When a properly filed motion is pending before the trial court, the act of giving consideration to and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *In re Butler*, No. 14-11-00760-CV; 2011 WL 4564003 (Tex. App.—Houston [14th Dist.] Oct. 4, 2011, orig. proceeding) (mem. op.); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To establish that the trial court abused its discretion by failing to rule, the relator must show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform that

2

act; and (3) failed or refused to do so. *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). Specifically, a relator must show that the trial court received the motion, was aware of it, and was asked to rule on the motion. *In re Villarreal,* 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Relator has not provided this court with a record showing that the trial judge received the motion, was aware of it, was asked to rule on it, and refused to rule. Filing a document with the district clerk does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *Villarreal*, 96 S.W.3d at 710 n. 2. Therefore, no abuse of discretion is shown. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator has not established entitlement to the extraordinary relief of writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus directed toward the district court.

Relator also requests relief against the Harris County District Clerk's office and the Harris County District Attorney. This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. Relator directs his request for relief toward the Harris County District Clerk and the Harris County District Attorney who are not subject

to this court's mandamus jurisdiction. Because the relief requested by relator is not necessary to enforce this court's jurisdiction, we have no jurisdiction to compel the District Clerk and the District Attorney to act. See Tex. Gov't Code Ann. § 22.221(b)(1).

Accordingly, we dismiss the petition for writ of mandamus directed toward the Harris County District Clerk and the Harris County District Attorney.

PER CURIAM

Panel consists of Justices Brown, Christopher, and McCally.