

# NUMBER 13-14-00708-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JOSE MANUEL MAGANA SURIA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, Jose Manuel Magana Suria, proceeding pro se, filed a petition for writ of mandamus on December 12, 2014, through which he seeks to compel the trial court to: (1) serve a copy of relator's motion for post-conviction DNA testing on the State of Texas; (2) hold a hearing as required by Chapter 64 of the Texas Code of Criminal Procedure;

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

and (3) either grant or deny relator's motion for DNA testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01, 64.03 (West, Westlaw through 2013 3d C.S.). *See generally Ex Parte Suria*, No. 13-11-00781-CR, 2012 WL 761734, at *1 (Tex. App.—Corpus Christi Mar. 8, 2012, no pet.) (mem. op. per curiam, not designated for publication) (dismissing appeal of order denying appellant's request for the appointment of counsel to file a motion for DNA testing for lack of jurisdiction); *Suria v. State*, No. 13-06-00453-CR, 2006 WL 2788510, at *1 (Tex. App.—Corpus Christi Sept. 28, 2006, no pet.) (mem. op. per curiam, not designated for publication) (dismissing appeal of conviction as untimely).

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for

mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Although a trial judge has a reasonable time to perform the ministerial duty, that duty generally does not arise until the movant has brought the motion to the trial judge's attention. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

In this case, relator contends that he filed a motion for post-conviction DNA testing on April 16, 2012; however, the trial court has not taken any action to either grant or deny his motion. Relator has neither included an appendix nor a record with his petition for writ of mandamus. Thus, the Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).


PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of December, 2014.

3