

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00446-CV

IN RE KEENON JONES, RELATOR

ORIGINAL PROCEEDING

March 6, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, Keenon Jones, proceeding *pro se* and *in forma pauperis*, seeks mandamus relief. By his petition for writ of mandamus, Jones asks this Court to order the court reporter in his October 2012 criminal trial to prepare transcripts of certain telephone calls that were played for the jury. Jones appears to be requesting these transcripts in relation to a petition for writ of habeas corpus that Jones intends to file. We will deny the petition.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress the alleged harm, and that he seeks to compel a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial*

*Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. procceding). Relator bears the burden to properly request and show entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam); *see In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (concluding that incarcerated relator acting *pro se* still obligated to abide by pertinent rules of procedure, including satisfying burden of proof).

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). However, the moving party must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 Tex. App. LEXIS 4118, at *2 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (mem. op.) (per curiam) (citing *In re Villarreal*, 96 S.W.3d at 710). A trial court has a ministerial duty to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). Mandamus relief for a trial court's failure to rule on a motion must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

Jones's petition does not include an appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," as required by Texas Rule of Appellate Procedure 52.3(k)(1)(A). Jones states that he has "repeatedly attempted" to obtain supplementation of the reporter's record to include a transcription of these phone calls. However, because Jones does not include a certified or sworn copy of any request to have the reporter's record supplemented, Jones has not established that the trial court or court reporter received his request and was asked to rule on his request but refused to do so. Similarly, there is no certified or sworn copy of a document purporting to deny Jones's request to supplement the reporter's record.

Because he has failed to show his entitlement to mandamus relief, we deny Jones's petition for writ of mandamus.

Mackey K. Hancock
Justice