# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00836-CV

### In re Ray Salazar

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Ray Salazar, an inmate in the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus, asserting that the trial court has refused to rule on his pending post-conviction motions. Salazar seeks mandamus relief from this Court concerning the following motions filed with the Travis County District Clerk: "Motion for Bench Warrant," filed on August 8, 2019; "Motion Request for Evidentiary Hearing," filed on August 14, 2019; and "Motion for Leave to Request Trial Court to Issue Order of Default Judgment Against Trial Counsel's Non-Compliance of Order to Produce Affidavit Pursuant to Art. 11.07 Sec. 3(d) Tex. Code Crim. Procedure" and "Defendant's Motion to Request Setting Hearing," both filed on September 3, 2019.[1] In his petition for writ of mandamus, he asserts that the trial court has a

---

[1] These motions appear to relate to a post-conviction application for writ of habeas corpus. *See* Texas Code of Crim. Proc. art. 11.07 § 5. However, no application for writ of habeas corpus is included in the mandamus record provided by Salazar. If an Article 11.07 writ application has been filed and is pending in the trial court, we lack jurisdiction over this mandamus proceeding. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117-18 (Tex. Crim. App. 2013) (orig. proceeding). Only the Texas Court of Criminal Appeals has

ministerial duty to rule on his motions and that it has refused to rule on the motions within a reasonable period of time.

Although a trial court has a duty to consider and rule upon pending motions that have been brought to its attention within a reasonable time, whether that period has lapsed is dependent upon the circumstances of the particular case. *See In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (explaining that courts consider "the trial court's actual knowledge of the [pending] motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first," as well as trial court's inherent power to control its own docket when considering whether reasonable time period has passed). Salazar has the obligation to provide this Court with a record establishing that his motions have awaited disposition for an unreasonable length of time. *See id.* (citing *Ex parte Bates,* 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding)). The most recently filed motions have been pending for less than 90 days. Given the trial court's inherent power to control its own docket, absent any indicia in the record of an overt refusal to rule or the state of the trial court's docket, we do not hold that the trial court's failure to act within approximately three months constitutes unreasonable delay per se. *See id.*

The petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

---

jurisdiction over post-conviction writs of habeas corpus in felony cases. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). We alternatively dismiss the petition for writ of mandamus for lack of jurisdiction.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Filed:   November 26, 2019